UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SEAN MICHAEL RYAN,

           Plaintiff,                        Case No. 1:14-cv-511

v.                                          Honorable Paul L. Maloney

UNKNOWN BUNTING et al.,

           Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*.[1] Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections and Corizon Health, Inc. The Court will serve the complaint against Defendants Bunting, Kemp, Sheldon, Dolittle, Krunk, Oaks, Sarnik, and Garlach.

---

[1] Although Plaintiff previously has filed three actions in the federal courts which have been dismissed as frivolous or for failure to state a claim, the Court concluded that Plaintiff had sufficiently alleged that he was entitled to proceed *in forma pauperis* under the imminent-danger exception to the three-strikes rule of 28 U.S.C. §1915(g).

**Discussion**

    I.        Factual allegations

Plaintiff Sean Michael Ryan presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Ionia Correctional Facility (ICF). He sues the MDOC and its contracted health care provider, Corizon Health, Inc.,[2] as well as the following ICF employees: Doctor (unknown) Gerlach and Nurses (unknown) Bunting, (unknown) Kemp, (unknown) Sheldon, (unknown) Dolittle, (unknown) Krunk, (unknown) Oaks, and (unknown) Sarnik.

Plaintiff is a chronic care patient with the MDOC because of his serious spinal injuries, which cause him extreme and continuous pain, as well as ambulatory problems. Plaintiff alleges that Defendants have denied him all access to health care services since approximately July 19, 2013, leaving him in untreated pain. He contends that, on the few occasions that he has been scheduled for a medical appointment, he has been deemed to have refused the appointment because he was not able to get there without his wheelchair or a cane. In addition, Plaintiff claims that his medical details for ambulatory aids expired on April 25, 2014, and Defendants refuse to see him to reinstate the details. Further, Plaintiff contends that the individual Defendants have refused even to answer his requests for health care.

    II.        Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly

---

[2] Plaintiff names Defendant as "Corizon Health Care." The Court will hereafter use the official corporate name of "Corizon Health, Inc." or "Corizon." *See* http://www.corizonhealth.com.

abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A private corporation that performs a public function, such as contracting with the state to run its prisons, may be found to act under color of law for purposes of § 1983. *See Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). The same principle applies to a private company, such as Corizon, that contracts to provide medical care to prisoners. *See, e.g., Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff nevertheless fails to state a claim against Corizon. Plaintiff alleges that Corizon is liable for the denial of his medical care solely on the basis of vicarious liability, for

having failed to supervise or discipline the individual medical providers who allegedly violated his Eighth Amendment rights. An entity may not be sued in an action under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Collins v. City of Harker Heights*, 503 U.S. 117, 121 (1992). *See also Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir.) (a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights). Liability against an entity may not be based solely on the fact that entity employed a tortfeasor, i.e., under a theory of respondeat superior. *Monell*, 436 U.S. at 691; *Collins*, 503 U.S. at 122; *Street*, 102 F.2d at 818. Thus, because Corizon cannot be liable under § 1983 solely because it employed the medical providers who allegedly denied Plaintiff's Eighth Amendment rights, Plaintiff's action against it fails.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Michigan Department of Corrections and Corizon Health, Inc. will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Bunting, Kemp, Sheldon, Dolittle, Krunk, Oaks, Sarnik, and Garlach.

An Order consistent with this Opinion will be entered.


Dated:   July 9, 2014                        /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             Chief United States District Judge