UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| SEAN MICHAEL RYAN, # 787263, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-511 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| JOANN BUNTING, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. Plaintiff is an inmate at the Saginaw Correctional Facility (AMF). His complaint arises from alleged deficiencies in the medical treatment he received at the Ionia Maximum Correctional Facility (ICF) from July 19, 2013, through September 10, 2014. The defendants are JoAnn Bunting, Robert Sheldon, Barbara Kronk, Robert Sarniak, Jodie LeBarre, Betty Kemp, Nicole Doolittle, Magen Oaks, and Roger Gerlach, M.D. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause by continuing to follow an ineffective course of treatment with regard to plaintiff's back pain and ambulatory deficiencies. (docket # 11, Am. Compl. Page ID 229-230). Plaintiff sues defendants in their individual and official capacities and seeks damages and injunctive relief compelling defendants to provide him with more effective treatment for his chronic pain. (*Id.* at Page ID 231).

The matter is now before the court on a Rule 12(b)(6) motion by all defendants other than Dr. Gerlach[1] seeking dismissal of plaintiff's claims against them on qualified immunity grounds. (docket # 57). Plaintiff has filed his response. (docket #s 62, 63). For the reasons set forth herein, I recommend that plaintiff's claims for injunctive relief against all defendants be dismissed as moot. I recommend that plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I recommend that defendants' motion to dismiss be granted and that judgment be entered in their favor on plaintiff's claim for damages against them in their individual capacities on the ground of qualified immunity.

**Plaintiff's Allegations**

Plaintiff alleges that he has chronic pain stemming from a back impairment and that Nurses Bunting, Sheldon, Kronk, Sarniak, LeBarre, Kemp, Doolittle and Oaks followed an ineffective course of treatment with regard to medication and devices for ambulatory assistance prescribed by physicians. (Am. Compl., docket # 11, at Page ID 229-30).

**Discussion**

**I.    Mootness**

Plaintiff is an inmate at SRF. Defendants are employed at ICF. Defendants no longer have any authority over the conditions of plaintiff's confinement. Plaintiff's claims for injunctive relief against defendants are moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

---

[1]Plaintiff's Eighth Amendment claims against Dr. Gerlach will be addressed in a separate report and recommendation on the broader summary judgment record when all the briefing related to Dr. Gerlach's pending motion for summary judgment (docket # 86) ends in May 2015.

## II. Official Capacity Claims

Plaintiff's claims for damages against defendants in their official capacities are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendants are entitled to dismissal with prejudice of plaintiff's claims for monetary damages against them in their official capacities.

## III. Individual Capacity Claims

Defendants argue that they are entitled to dismissal of plaintiff's claims against them on the basis of qualified immunity. "A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that each defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified

-3-

immunity analysis should be addressed first.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). This case is readily resolved on the basis of the second prong of the qualified immunity standard.

In *Brosseau v. Haugen*, 543 U.S. 194 (2004), the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted. ... Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. at 198.  Qualified immunity is an immunity from suit rather than a mere defense to liability. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).   The Supreme Court and the Sixth Circuit have emphasized that the second inquiry "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'"  *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier*, 533 U.S. at 201).  "'[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant sense.'"  *Lyons v. City of Xenia*, 417 F.3d 565, 572 (6th Cir. 2005) (quoting *Brosseau*, 543 U.S. at 198-99); *see Perez v. Oakland County*, 466 F.3d 416, 428 (6th Cir. 2006) ("Because most legal rights are clearly established at some level of generality, immunity would be impossible to obtain if a plaintiff were required only to cite an abstract legal principle that an official had 'clearly violated.'").  "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

In its recent decision in *Plumhoff v. Rickard*, the Supreme Court reiterated clearly established law is determined in the light of the particular circumstances faced by the individual defendant at the time he or she acted, not on the basis of a high level of generality:

> [A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it. In other words, existing precedent must have placed the statutory or constitutional question confronted by the official beyond debate. In addition, we have repeatedly told courts not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.

134 S. Ct. at 2023 (citations and quotations omitted). In *Lane v. Franks*, another 2014 decision, the Supreme Court again emphasized that in order to be clearly established, the question must be "beyond debate" at the time the defendant acted. 134 S. Ct. 2383; *see also Pearson*, 555 U.S. at 245 (If judges are in disagreement on an issue at the time the defendant acted, it is "unfair" to later subject the defendant to monetary damages "for picking the losing side of the controversy."). A third qualified immunity decision from the Supreme Court in 2014, *Carroll v. Carman*, summarized the broad scope of the protection provided by qualified immunity in these terms:

> A government official sued under § 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. A right is clearly established only if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate. This doctrine gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law.

135 S. Ct. at 350 (citations and quotations omitted); *Humphrey v. Mabry*, 482 F.3d 840, 847 (6th Cir. 2007) ("Qualified immunity leaves government authorities 'ample room for mistaken judgments.'") (quoting *Scott v. Clay County*, 205 F.3d 867, 873 n. 9 (6th Cir. 2000)).

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.'" *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Shreve v. Franklin County, Ohio*, 743 F.3d 126, 134 (6th Cir. 2014); *T. S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014).

Plaintiff has not demonstrated that any alleged action by defendant Bunting, Sheldon, Kronk, Sarniak, LeBarre, Kemp, Doolittle, or Oaks violated his clearly established Eighth Amendment rights. In fact, not one of these defendants is mentioned by name anywhere in plaintiff's brief. (Plf. Brief, docket # 63, Page ID 560-70). Plaintiff simply makes generalized assertions that defendants delayed and denied his medical appointments, failed to respond to his ongoing daily requests for medical care and failed to provide effective medical treatment by providing him with the prescribed medication Naproxyn rather than other medications. (Plf. Brief at 3-6, Page ID 565-69). Such generalized assertions do not suffice. *Plumhoff v. Rickard*, 134 S. Ct. at 2023; *Lyons v. City of Xenia*, 417 F.3d at 572. Plaintiff suggests that somewhere in the 155 pages of documents that he attached to his amended complaint there is something that would show actions violating his clearly established constitutional rights. (Plf. Brief at 3, 7, Page ID 565, 569). This is equally deficient. Plaintiff has the burden of identifying specific factual allegations made against each individual defendant that would show a violation of his clearly established Eighth Amendment rights by that defendant. Suggesting that the court engage in a scavenger hunt on his behalf to find something that might support his claims does not suffice. In any event, I find nothing in the documents that plaintiff attached to his pleading indicating that any of the moving defendants violated plaintiff's clearly established constitutional rights. The exhibits indicate that plaintiff's treating physician, Dr. Gerlach, prescribed medication that he determined was medically appropriate for treatment of

plaintiff's chronic back pain and determined the level of ambulatory aids that plaintiff required. Plaintiff disagrees with the physician's medical determinations. Plaintiff has filed an extraordinary number of health care requests seeking other medications such as narcotics (Exhibits 37, 40, Page ID 277, 280), more extensive ambulatory aids such as providing him with a wheelchair for moving very short distances rather than distances of more than 150 feet (Exhibits 29, 39, 42, 52, 61, Page ID 257, 279, 282, 292, 301), transfer to another prison (Exhibits 35, 53, 60, Page ID 275, 293, 300), and a medical recommendation to the parole board that he be released on parole to receive more extensive medical treatment (Exhibit 59, Page ID 299). He threatens "hunger strikes" and lawsuits against medical care providers if they fail to provide him with what he wants. (Exhibits 69, 77, 79A, 86, Page ID 313, 326, 329, 345).

The clearly established law at the time defendants acted was, and remains, that nurses "are not required by the constitution to second guess or overrule the opinions of treating physicians" regarding what medication, treatment, and accommodations are medically appropriate. *Rickner v. Caruso*, No. 1:08-cv-139, 2010 WL 2854298, at * 2 (W.D. Mich. July 19, 2010). Plaintiff has not shown that the alleged actions of any moving defendant violated his clearly established Eighth Amendment rights. I find that defendants are entitled to qualified immunity.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's claims for injunctive and declaratory relief against defendants be dismissed as moot. I recommend that plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I recommend that defendants' motion to dismiss (docket # 57) be granted and that judgment be entered in their favor on plaintiff's claim for damages against them in their individual capacities on the ground of qualified immunity.


Dated:   April 24, 2015                  /s/  Phillip J. Green
                                         United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).