UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SEAN MICHAEL RYAN, # 787263, )<br>        Plaintiff, )<br>)<br>-v- )<br>)<br>JOANN BUNTING, et al., )<br>        Defendants. )<br>_____) | No. 1:14-cv-511<br><br>HONORABLE PAUL L. MALONEY |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS**

This is a civil rights lawsuit filed by a Sean Ryan, a state prisoner. Ryan alleges Eighth Amendment claims against multiple health care providers. The nurse defendants filed a motion to dismiss. (ECF No. 57.) The motion was filed on behalf of defendants Bunting, Sheldon, Kronk, Sarniak, LeBerre, Kemp, Doolittle, and Oaks. After Ryan filed responses, the magistrate judge issued a report recommending the claims and prayers for relief be denied. (ECF No. 101 "R&R.") Ryan filed objections. (ECF No. 103.)

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The magistrate judge makes three recommendations. First, Plaintiff's claims for injunctive relief should be dismissed as moot because Plaintiff was transferred from the institution where defendants are or were employed. Second, Plaintiff's claims against defendants in their official capacities should be denied

because the claims are barred by the Eleventh Amendment. Plaintiff does not object to either recommendation. Plaintiff does not address the authority or the reasoning outlined by the magistrate judge in the R&R. The first and second recommendations are, therefore, adopted.

Third, the magistrate judge concludes that defendants are entitled to qualified immunity for the claims brought against them in their individual capacities. The magistrate judge concludes that Plaintiff failed to establish the second prong of the qualified immunity analysis. Plaintiff did not establish that the law as clearly established at a sufficient level of specificity. The magistrate judge prominently noted that Plaintiff did not name a single one of these defendants anywhere in his brief. Rather, Plaintiff "makes generalized assertions that defendants delayed and denied his medical appointments, failed to respond to his ongoing daily requests for medical care and failed to provide effective medical treatment by providing him with the prescribed medication Naproxyn rather than other medications." (R&R 6 Page ID 873.) However, the physician, not the nurses, made medication and other treatment determinations. The magistrate judge concluded that it is clearly established law that nurses are not required to second guess or overrule the decisions of the treating physician. (*Id.* 7 Page ID 874.)

Plaintiff's objection does not address this conclusion. Instead, Plaintiff simply reiterates his claims, and commits the same errors noted in the R&R. In his objection, Plaintiff asserts, incorrectly, that the magistrate judge overlooked the denial of care and delay of care claims. In his objection, Plaintiff again generally describes the actions of "the nurses." Plaintiff neglects to address clearly established law identified by the magistrate judge. Instead, Plaintiff offers legal holdings that describe, in general terms, an Eighth Amendment claim.

Having reviewed the objections de novo, the Court finds the R&R accurately summarizes the

relevant facts and the law. The recommendation that the defendants are entitled to qualified immunity is, therefore adopted.

The R&R (ECF No. 101) is **ADOPTED** as the opinion of this Court. Defendants' motion to dismiss (ECF No. 57) is **GRANTED.** Plaintiff's claims for injunctive relief against these defendants are dismissed as moot; the claims against these defendants in their official capacities and their individual capacities are denied and dismissed with prejudice. **IT IS SO ORDERED.**

Date:   May 15, 2015                              /s/ Paul L. Maloney
                                                                                      Paul L. Maloney
                                                                                      Chief United States District Judge