UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| SEAN MICHAEL RYAN, # 787263, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-511 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| ROGER GERLACH, M.D., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. Plaintiff is an inmate at the Baraga Correctional Facility (AMF). His complaint concerns alleged deficiencies in the medical treatment he received at the Ionia Maximum Correctional Facility (ICF) from July 19, 2013, through September 10, 2014. The defendant is Roger Gerlach, M.D. Plaintiff alleges that defendant was deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause by continuing to follow an ineffective course of treatment with regard to plaintiff's back pain and ambulatory deficiencies. (docket # 11, Am. Compl. Page ID 229-230). Plaintiff sues defendant his individual capacity and seeks damages.[1]

The matter is now before the Court on Dr. Gerlach's motion for summary judgment. (docket # 86). Plaintiff has filed his response. (docket #s 102, 116, 117). For the reasons set forth herein,

_____

[1] All other claims have been dismissed. (docket # 104).

I recommend that defendant's motion for summary judgment be granted and that judgment be entered in his favor on plaintiff's claim.[2]

<u>**Summary Judgment Standard**</u>

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that

---

[2]Plaintiff's claim against Dr. Gerlach in this case significantly overlaps with his Eighth Amendment claim against Dr. Gerlach in Case No. 1:14-cv-736. Case No. 1:14-cv-736 is assigned to District Judge Robert Holmes Bell. In a report and recommendation entered today, I recommended that Judge Bell grant Dr. Gerlach's motion for summary judgment and enter judgment in his favor.

"there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections. He is currently an inmate at the Baraga Correctional Facility (AMF). His claims arise out of conditions of his confinement at the Ionia Correctional Facility (ICF) from July 19, 2013, through July 9, 2014. Dr. Gerlach is a licensed physician. (Gerlach Decl. ¶ 2, docket # 86-2, Page ID 652). He has been the medical director and site physician at ICF since April 2013. Prior to beginning his work at ICF, Dr. Gerlach was the medical director and site physician at the Richard A. Handlon Correctional Facility from April 2009 until his move to ICF in April 2013. (*Id.* at ¶ 3, Page ID 653).

On June 26, 2013, Dr. Gerlach conducted a lengthy review of plaintiff's medical records in preparation for conducting a physical examination. Plaintiff had a history of back surgeries before

-3-

he began his incarceration in Michigan's prison system on December 29, 2010. (Gerlach Decl. ¶¶ 8, 9, Page ID 654; docket # 88-1, Page ID 696; Plf. Decl. ¶ 21, docket # 102-1, Page ID 880; docket # 117-1, Page ID 697-73, 986-89). Dr. Gerlach found that plaintiff's medical records documented his history of malingering, drug seeking behavior, and attempts to manipulate prison medical care providers. Plaintiff used "hunger strikes" to try to obtain desired accommodations such as a walker, wheelchair, cane, meals in, shower chair, and no steps. (Gerlach Decl. ¶¶ 9-34, Page ID 654-60; docket # 88-1, Page ID 695-753). When Dr. Gerlach conducted a physical examination, he had doubts about the amount of effort that plaintiff was putting into various tests. For example, plaintiff did not try to resist during the biceps/triceps test. Plaintiff declined to respond when Dr. Gerlach inquired whether he was using his back issues to obtain special details. Dr. Gerlach offered a diagnosis of chronic neck/back/leg pain status post cervical and lumbar laminectomies, left leg weakness/buckling with questionable etiology but consistent for over 2 years, probable narcotic overuse/abuse/addiction prior to incarceration, personal safety issue due to crime, and a history of repeated hunger strikes and segregation placements in attempts to receive special accommodations. (Gerlach Decl. ¶¶ 34-35, Page ID 659-60; docket # 88-1, Page ID 757-60). Dr. Gerlach authorized a cane, use of a wheelchair for distances over 150 feet, and allowed plaintiff to receive meals in his room on a temporary basis. (Gerlach Decl. ¶ 36, Page ID 660; docket # 88-1, Page ID 758).

On July 15, 2013, plaintiff notified medical personnel that he was going on a hunger strike. (Gerlach Decl. ¶ 37, Page ID 660; docket # 88-1, Page ID 761-64). On July 18, 2013, plaintiff threatened to harm himself and was referred to mental health. There was evidence that plaintiff was eating. On July 25, 2015, custody staff indicated that plaintiff was refusing to eat in an attempt to obtain transfer to another prison. (Gerlach Decl. ¶¶ 38-39, Page ID 661; docket # 88-1, Page ID

765-73).  On July 29, 2013, Dr. Gerlach found that plaintiff was not in any observable distress. Plaintiff indicated that he was on a hunger strike in an attempt to obtain a transfer.  On August 7, 2013, plaintiff asked to be placed in medical segregation.  Plaintiff was informed that he was not eligible for medical segregation.  On August 19, 2013, it was observed that plaintiff was eating regularly and had no signs or symptoms of distress.  Plaintiff related that if he were sent back into general prison population, he would cut his heel and he believed that the Achilles injury would get him three months in the hospital.  (Gerlach Decl. ¶ 40, Page ID 661).

On October 14, 2013, during the weekly case management meeting it was noted that plaintiff was able to stand at his cell door each day for legal rounds and when meals were delivered.  Plaintiff had also been standing on his bed and placing and removing paper to manipulate the amount of incoming light.  Two days later, after a series of no shows for medical appointments, custody staff went to plaintiff's cell with a wheelchair to take plaintiff to his appointment.  Plaintiffs response was to claim that he could not stand up.  Plaintiff's ability to stand and walk was well-documented.  In Dr. Gerlach's opinion, this incident fit into plaintiff's chronic pattern of deception, manipulation, drug seeking behavior, and lack of effort to work with health care to allow them to get a true and accurate picture of his musculoskeletal and proclaimed neurological issues.  Dr. Gerlach noted that plaintiff was receiving appropriate medical care and appropriate accommodations.  (Gerlach Decl. ¶¶ 42-43, Page ID 662).

On November 3, 2013, plaintiff threatened a hunger strike because he wanted a change in his pain medication and wanted the 150 foot limitation for wheelchair use eliminated.  Plaintiff was aware that his non-steroidal anti-inflammatory medications (NSAIDS) would be discontinued because they cannot be taken without food.  Plaintiff indicated that he would not eat until he

received the Neurontin. (Gerlach Decl. ¶ 44, Page ID 662; docket # 88-1, Page ID 784-85). On November 21, 2013, Dr. Gerlach found that the subjective symptoms that plaintiff reported simply did not match up with the objective medical evidence. He noted the numerous reports of plaintiff doing much more than he indicated he was capable of doing. Dr. Gerlach explained to plaintiff that he did not find that plaintiff was a good candidate for non-formulary pain medications. Plaintiff provided an exaggerated response to a simple fingertip touch on his back. Dr. Gerlach again noted the questionable etiology of the pain plaintiff reported. He further noted plaintiff's history of opiate abuse. It was Dr. Gerlach's medical opinion that plaintiff was malingering, seeking secondary gain, and drug seeking. He found no medical reason to honor any request by plaintiff to change his special accommodations. (Gerlach Decl. ¶ 46).

In March 2014, plaintiff indicated that he was on a hunger strike. (Gerlach Decl. ¶¶ 50-52, Page ID 664). On April 25, 2014, Dr. Gerlach declined to renew temporary ambulatory aids. (Gerlach Decl. ¶¶ 55-57, Page ID 665). In July and September 2014, Dr. Gerlach renewed plaintiff's prescriptions for Naproxen and Excedrin Migraine. (Gerlach Decl. ¶ 63, Page ID 667; docket # 88-1, Page ID 811).

On September 10, 2014, plaintiff was transferred from ICF to the Baraga Correctional Facility. Dr. Gerlach was not plaintiff's treating physician at any time after this transfer. (Gerlach Decl. ¶ 67, Page ID 667).

**<u>Discussion</u>**

Plaintiff alleges that Dr. Gerlach violated his Eighth Amendment rights under the Cruel and Unusual Punishments Clause in the medications he prescribed and the ambulatory aids authorized. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a

prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05.  In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 4 (6th Cir.1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component).  501 U.S. at 298.  No reasonable trier of fact could find in plaintiff's favor on the subjective component of Eighth Amendment claims against defendant.  The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness.  A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety."  511 U.S. at 837.  The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care.  Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.  The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference.  Thus, an official's failure

-7-

> to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).  Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law.  *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011); *Westlake*, 537 F.2d 860 n. 5; *Reed v. Speck*, 508 F. App'x 415, 419 (6th Cir. 2012) ("The subjective component is intended 'to prevent the constitutionalization of medical malpractice claims.'") (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d at 550).

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs against defendant. The record shows that defendant treated plaintiff's condition on an ongoing basis and displayed no deliberate indifference.  The unrefuted medical record shows that plaintiff received virtually constant medical attention, at a level exceeding that available to most free citizens.  The claim that defendant "should have" provided him with "different" medical care is, at best, a state-law malpractice claim. Plaintiff's disagreement with defendant's diagnosis and treatment falls far short of supporting an Eighth Amendment claim.  *See e.g., Kosloski v. Dunlap*, 347 F. App'x 177, 180 (6th Cir. 2009); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006). The doctor responsible for plaintiff's care articulated substantial reasons for refusing to provide him the medications of his choice and the accommodations that he wanted.  The doctor's decisions were grounded in medical judgment, not in indifference or malice.

**<u>Recommended Disposition</u>**

For the foregoing reasons, I recommend that defendant's motion for summary judgment be granted and that judgment be entered in his favor on plaintiff's claim.


Dated:   August 17, 2015                 /s/  Phillip J. Green
                                         United States Magistrate Judge


**<u>NOTICE TO PARTIES</u>**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a waiver of any further right of appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice.   *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).