UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SEAN MICHAEL RYAN, # 787263, )<br>    Plaintiff, )<br> ) | No. 1:14-cv-511 |
| -v- ) | |
| ) | HONORABLE PAUL L. MALONEY |
| ROGER GERLACH, M.D., )<br>    Defendant. )<br>_____) | |

**ORDER AFFIRMING DISMISSAL OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, ORDER ADOPTIONG REPORT AND RECOMMENDATION, AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Sean Ryan is a prisoner under the control of the Michigan Department of Corrections. Ryan filed a complaint under 42 U.S.C. § 1983, alleging violations of the Eighth Amendment's prohibition on cruel and unusual punishment. More specifically, Ryan complains Defendant Roger Gerlach was deliberately indifferent to Ryan's serious medical condition. On March 26, 2015, Defendant Gerlach filed a motion for summary judgment. (ECF No. 86.) Almost four months later, on July 14, 2015, Ryan filed a motion for summary judgment (ECF No. 117), which the magistrate judge dismissed as untimely (ECF No. 119). The magistrate judge then issued a report recommending that Defendant Gerlach's motion be granted. (ECF No. 122.) Ryan filed objections. (ECF Nos. 124-25.)

I.

When a magistrate judge resolves a non-dispositive matter, the party may filed an objection within 14 days. Fed. R. Civ. P. 72(a). When the magistrate judge resolves a dispositive matter, he he or she must issue a report and recommendation. *See id.* 72(b)1). After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections

to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

**A. ECF No. 125 - Objection to Dismissal of Motion for Summary Judgment (ECF No. 119)**

Ryan objects to the dismissal of his motion for summary judgment. The motion was dismissed as untimely. The Case Management Order provided for discovery for 120 days, starting on October 29, 2014. (ECF No. 48.) Motions for summary judgment were to be filed within 28 days of the close of discovery. (*Id.*)

Ryan's objection is OVERRULED. The motion for summary judgment was not timely filed. Discovery was stayed, but not for any of the claims against Gerlach. (ECF No. 97.)

**B. ECF No. 124 - Objections to Report and Recommendation (ECF No. 122)**

Ryan makes several objections that all support his assertion that the motion for summary judgment was premature as he was not able to conduct discovery: (1) the motions to stay were ignored; (2) discovery requests were not completed, including requests for medical records; and (3) Rule 56(d) affidavit.

These objections are OVERRULED. First, Ryan is incorrect that the magistrate judge ignored his motions to stay (ECF Nos. 93 and 94). The magistrate judge ruled on those motions on April 24, 2015,

(ECF Nos. 99 and 100). Second, all of Plaintiff's motions for discovery were resolved against him.[1] (ECF No. 50 - denied ECF No. 55; ECF Nos. 71 and 72 - denied ECF No. 99.)  Third, Ryan is simply incorrect that he did not have access to his own medical records. The Court notes that, in ECF No. 99, the magistrate judge explained to Ryan how to access his own medical records and that it was Ryan who had to bear to cost of conducting his own discovery, including securing copies of his own medical records. Finally, the Court cannot locate in the record Ryan's Rule 56(d) affidavit. Assuming, for the sake of argument only, that he did file one, as explained immediately above, the failure to secure his own medical records was not a reason to delay resolution of Gerlach's motion for summary judgment.

Ryan also objects to the proposed findings of fact, to the conclusion that he did not support his deliberate indifference claim, and asserts that he did not receive "constant" medical attention.

These objections are OVERRULED.  The proposed findings of fact find support in the record. The record show that Gerlach was aware of Ryan's medical issues and provided a course of treatment for those issues. That Gerlach did not provide the treatment Ryan wanted does not raise a constitutional issue; such a claim might state a claim for negligence, but it does not state an Eighth Amendment claim for deliberate indifference. Ryan's claim necessarily requires this Court to second-guess Gerlach's medical decisions. Gerlach has explained, as part of this record, why he chose the course of treatment that was provided.

---

[1] Ryan also lists ECF Nos. 65 and 73. 65 was directed to the Court and inadvertently entered as a motion for production of records. As Ryan himself explained in ECF No. 66, the document was not a motion.  Similarly, 73 was simply a letter to the Court in which Ryan requested ECF Nos. 71 and 72 be filed.

For these reasons, the Report and Recommendation (ECF No. 122) is **ADOPTED** as the opinion of this Court. Defendant Gerlach's motion for summary judgment (ECF No. 86) is **GRANTED.** The Court **DENIES** Ryan's objection (ECF No. 125) to the dismissal of his motion for summary judgment.

**IT IS SO ORDERED.**

Date:   September 4, 2015                         /s/ Paul L. Maloney
                                                                      Paul L. Maloney
                                                                       United States District Judge